IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELINE DOWNARD, | ) | CASE NO. 2:22-cv-03874 |
| | ) | |
| Plaintiff, | ) | JUDGE SARAH D. MORRISON |
| | ) | MAGISTRATE JUDGE CHELSEY M. VASCURA |
| v. | ) | |
| | ) | |
| CHILLICOTHE KENWORTH, LLC, et al., | ) | **ANSWER OF DEFENDANT MICHAEL GIFFEN** |
| | ) | |
| Defendants. | ) | |

Defendant Michael Giffen ("Defendant Giffen"), by and through the undersigned counsel, for his Answer to the Complaint for Damages and Injunctive Relief ("Complaint") (Doc. 1) filed by Plaintiff Jacqueline Downard in the above-captioned matter, states as follows:

1. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies same.

2. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies same.

3. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies same.

4. Defendant Giffen admits the allegations in Paragraph 4 of the Complaint.

5. Defendant Giffen admits that his title while employed by PACCAR Inc. ("PACCAR") was Director of Operations Reliability. Defendant Giffen denies the remainder of the allegations in Paragraph 5 of the Complaint.

6. Defendant Giffen admits the allegations in Paragraph 6 of the Complaint.

7. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and therefore denies same.

8. Defendant Giffen admits the allegations in Paragraph 8 of the Complaint.

9. Defendant Giffen admits the allegations in Paragraph 9 of the Complaint.

10. Defendant Giffen admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter the "Downard EEOC Charge"). Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10 of the Complaint and therefore denies same.

11. Defendant Giffen admits the allegations in Paragraph 11 of the Complaint.

12. Defendant Giffen admits the allegations in Paragraph 12 of the Complaint.

13. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant Giffen admits Downard filed this Complaint within 90 days of the signature date listed in Plaintiff's Exhibit A. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint and therefore denies same.

15. Defendant Giffen denies the allegations in Paragraph 15 of the Complaint.

16. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant Giffen admits that Plaintiff was hired to work for PACCAR in or about November 2020. Defendant Giffen denies the remaining allegations in Paragraph 17 of the Complaint.

18. Defendant Giffen admits that PACCAR employed Plaintiff as a Unit Manager. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18 of the Complaint and therefore denies same.

19. Defendant Giffen admits that Plaintiff identifies as female. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 of the Complaint and therefore denies same.

20. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and therefore denies same.

21. Defendant Giffen admits that PACCAR employed him as Director of Operations Reliability and that Plaintiff reported to him. Defendant Giffen denies the remainder of the allegations in Paragraph 21 of the Complaint.

22. Defendant Giffen admits the allegations in Paragraph 22 of the Complaint.

23. Defendant Giffen denies the allegations in Paragraph 23 of the Complaint.

24. Defendant Giffen denies the allegations in Paragraph 24 of the Complaint.

25. Defendant Giffen denies the allegations in Paragraph 25 of the Complaint.

26. Defendant Giffen denies the allegations in Paragraph 26 of the Complaint.

27. Defendant Giffen admits the allegations in Paragraph 27 of the Complaint.

28. Defendant Giffen admits the allegations in Paragraph 28 of the Complaint.

29. Defendant Giffen denies the allegations in Paragraph 29 of the Complaint.

30. Defendant Giffen denies the allegations in Paragraph 30 of the Complaint.

31. Defendant Giffen denies the allegations in Paragraph 31 of the Complaint.

32. Defendant Giffen admits that at one or more times, Jacob Pechacek performed services as a reliability engineer. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32 of the Complaint.

33. Defendant Giffen denies the allegations in Paragraph 33 of the Complaint.

34. Defendant Giffen denies the allegations in Paragraph 34 of the Complaint.

35. Defendant Giffen denies the allegations in Paragraph 35 of the Complaint.

36. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies same.

37. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint and therefore denies same.

38. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint and therefore denies same.

39. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint and therefore denies same.

40. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint and therefore denies same.

41. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint and therefore denies same.

42. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies same.

43. Defendant Giffen denies the allegations in Paragraph 43 of the Complaint.

44. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Complaint and therefore denies same.

45. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and therefore denies same.

46. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and therefore denies same.

47. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and therefore denies same.

48. Defendant Giffen admits the allegations in Paragraph 48 of the Complaint.

49. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint and therefore denies same.

50. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Complaint and therefore denies same.

51. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 of the Complaint and therefore denies same.

52. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52 of the Complaint and therefore denies same.

53. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 of the Complaint and therefore denies same.

54. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and therefore denies same.

55. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 55 of the Complaint and therefore denies same.

56. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 of the Complaint and therefore denies same.

57. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and therefore denies same.

58. Defendant Giffen denies the allegations in Paragraph 58 of the Complaint.

59. Defendant Giffen denies the allegations in Paragraph 59 of the Complaint.

60. Defendant Giffen denies the allegations in Paragraph 60 of the Complaint.

61. Defendant Giffen denies the allegations in Paragraph 61 of the Complaint.

62. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and therefore denies same.

63. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Complaint and therefore denies same.

64. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Complaint and therefore denies same.

65. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and therefore denies same.

66. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint and therefore denies same.

67. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Complaint and therefore denies same.

68. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Complaint and therefore denies same.

69. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint and therefore denies same.

70. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint and therefore denies same.

71. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and therefore denies same.

72. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint and therefore denies same.

73. Defendant Giffen denies the allegations in Paragraph 73 of the Complaint.

74. Defendant Giffen denies the allegations in Paragraph 74 of the Complaint.

75. Defendant Giffen denies the allegations in Paragraph 75 of the Complaint.

76. Defendant Giffen denies the allegations in Paragraph 76 of the Complaint.

77. Defendant Giffen denies that he reduced Plaintiff's pay rate before, during, or after May 2021.  Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77 of the Complaint and therefore denies same.

78. Defendant Giffen admits that Plaintiff generally refers to the allegations in Paragraphs 73 through 77 as "Retaliatory Behavior."  Defendant Giffen denies the remainder of the allegations in Paragraph 78 of the Complaint.

79. Defendant Giffen denies the allegations in Paragraph 79 of the Complaint.

80. Defendant Giffen denies the allegations in Paragraph 80 of the Complaint.

81. Defendant Giffen denies the allegations in Paragraph 81 of the Complaint.

82. Defendant Giffen denies the allegations in Paragraph 82 of the Complaint.

83. Defendant Giffen denies the allegations in Paragraph 83 of the Complaint.

84. Defendant Giffen denies the allegations in Paragraph 84 of the Complaint.

85. Defendant Giffen denies the allegations in Paragraph 85 of the Complaint.

86. Defendant Giffen denies the allegations in Paragraph 86 of the Complaint.

87. Defendant Giffen denies the allegations in Paragraph 87 of the Complaint.

88. Defendant Giffen admits that, on February 5, 2022, he delivered a review of Plaintiff's performance.  Defendant Giffen denies the remainder of the allegations in Paragraph 88 of the Complaint.

89. Defendant Giffen admits that a personal growth plan was developed for Plaintiff. Defendant Giffen denies the remainder of the allegations in Paragraph 89 of the Complaint.

90. Defendant Giffen denies the allegations in Paragraph 90 of the Complaint.

91. Defendant Giffen denies the allegations in Paragraph 91 of the Complaint.

92. Defendant Giffen denies the allegations in Paragraph 92 of the Complaint.

93. Defendant Giffen denies the allegations in Paragraph 93 of the Complaint.

94. Defendant Giffen denies the allegations in Paragraph 94 of the Complaint.

95. Defendant Giffen denies the allegations in Paragraph 95 of the Complaint.

96. Defendant Giffen denies the allegations in Paragraph 96 of the Complaint.

97. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and therefore denies same.

98. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and therefore denies same.

99. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and therefore denies same.

100. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint and therefore denies same.

101. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and therefore denies same.

102. Defendant Giffen denies that he constructively discharged Plaintiff. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 102 of the Complaint and therefore denies same.

103. Defendant Giffen denies that he constructively discharged Plaintiff for any reason. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103 of the Complaint and therefore denies same.

104. Defendant Giffen denies that he constructively discharged Plaintiff for any reason. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104 of the Complaint and therefore denies same.

105. Defendant Giffen denies that he constructively discharged Plaintiff for any reason. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105 of the Complaint and therefore denies same.

106. Defendant Giffen denies the allegations in Paragraph 106 of the Complaint.

**COUNT I: GENDER DISCRIMINATION IN VIOLATION OF TITLE VII**

**(Defendant Kenworth)**

107. Defendant Giffen restates his responses to each of the previous Paragraphs of the Complaint.

108. Defendant Giffen admits that Plaintiff identifies as female and, as a result, she is a member of a class, based on gender, protected by Title VII of the Civil Rights Act of 1964. Defendant Giffen denies the remaining allegations in Paragraph 108 of the Complaint.

109. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 109 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109 of the Complaint and therefore denies same.

110. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 110 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 110 of the Complaint and therefore denies same.

111. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 111 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 111 of the Complaint and therefore denies same.

112. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 112 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112 of the Complaint and therefore denies same.

113. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 113 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113 of the Complaint and therefore denies same.

114. Defendant Giffen denies that Plaintiff has suffered or will suffer damages as a result of his conduct. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 114 of the Complaint and therefore denies same.

**COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. 4112.01 *et seq*.**

**(Defendant Kenworth)**

115. Defendant Giffen restates his responses to each of the previous Paragraphs of the Complaint.

116. Defendant Giffen admits that Plaintiff identifies as female and, as a result, she is a member of a class, based on gender, protected by R.C. 4112.02. Defendant Giffen denies the remaining allegations in Paragraph 116 of the Complaint

117. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 117 of the Complaint.  Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 117 of the Complaint and therefore denies same.

118. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 118 of the Complaint.  Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118 of the Complaint and therefore denies same.

119. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 119 of the Complaint.  Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 119 of the Complaint and therefore denies same.

120. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 120 of the Complaint.  Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120 of the Complaint and therefore denies same.

121. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 121 of the Complaint.  Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121 of the Complaint and therefore denies same.

122. Defendant Giffen denies that Plaintiff has suffered or will suffer damages as a result of his conduct. Defendant Giffen lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 122 of the Complaint and therefore denies same.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII

### (Defendant Kenworth)

123. Defendant Giffen restates his responses to each of the previous Paragraphs of the Complaint.

124. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 124 of the Complaint.  Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124 of the Complaint and therefore denies same.

125. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 125 of the Complaint.  Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125 of the Complaint and therefore denies same.

126. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 126 of the Complaint.  Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 126 of the Complaint and therefore denies same.

127. Defendant Giffen admits that Plaintiff was placed on a personal growth plan. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127 of the Complaint and therefore denies same.

128. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 128 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128 of the Complaint and therefore denies same.

129. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 129 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 129 of the Complaint and therefore denies same.

130. Paragraph 131 of the Complaint contains only statements of law to which no response is required. To the extent a response is required, Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint and therefore denies same.

131. Defendant Giffen denies that Plaintiff has suffered or will suffer damages as a result of his conduct. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131 of the Complaint and therefore denies same.

### COUNT IV: RETALIATION IN VIOLATION OF R.C. 4112.02(I)

**(All Defendants)**

132. Defendant Giffen restates his responses to each of the previous Paragraphs of the Complaint.

133. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 133 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief

as to the truth of the remaining allegations in Paragraph 133 of the Complaint and therefore denies same.

134. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 134 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134 of the Complaint and therefore denies same.

135. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 135 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135 of the Complaint and therefore denies same.

136. Defendant Giffen admits that Plaintiff was placed on a personal growth plan. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136 of the Complaint and therefore denies same.

137. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 137 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137 of the Complaint and therefore denies same.

138. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 138 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138 of the Complaint and therefore denies same.

139. Paragraph 139 of the Complaint contains only statements of law to which no response is required. To the extent a response is required, Defendant Giffen admits that Plaintiff has accurately quoted a portion of Ohio Revised Code section 4112.02(I). Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 139 of the Complaint and therefore denies same.

140. Defendant Giffen denies that Plaintiff has suffered or will suffer damages as a result of his conduct. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 131 of the Complaint and therefore denies same.

**COUNT V: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(All Defendants)**

141. Defendant Giffen restates his responses to each of the previous Paragraphs of the Complaint.

142. Defendant Giffen denies the allegations in Paragraph 142 of the Complaint.

143. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 143 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 143 of the Complaint and therefore denies same.

144. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 144 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 144 of the Complaint and therefore denies same.

145. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 145 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 145 of the Complaint and therefore denies same.

146. Defendant Giffen denies that he engaged in the conduct alleged in Paragraph 146 of the Complaint. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146 of the Complaint and therefore denies same.

147. Defendant Giffen denies that Plaintiff has suffered or will suffer damages as a result of his conduct. Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 147 of the Complaint and therefore denies same.

**COUNT VI: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION**

148. Defendant Giffen restates his responses to each of the previous paragraphs of the Complaint.

149. Paragraph 149 of the Complaint contains only statements of law to which no response is required. To the extent a response is required, Defendant Giffen admits that Plaintiff has accurately quoted a portion of Ohio Revised Code section 4112.02(J). Defendant Giffen lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 149 of the Complaint and therefore denies same.

150. Defendant Giffen denies the allegations in Paragraph 150 of the Complaint.

151. Defendant Giffen denies the allegations in Paragraph 151 of the Complaint.

152. Defendant Giffen denies the allegations in Paragraph 152 of the Complaint.

153. Defendant Giffen denies the allegations in Paragraph 153 of the Complaint.

## DEMAND FOR RELIEF

154. Defendant Giffen denies that Plaintiff is entitled to any relief, whether or not listed in paragraphs (a) through (g), or the subparagraphs, of the demand for relief contained in the Complaint.

155. Defendant Giffen denies all allegations in the Complaint, except for those explicitly admitted above.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state any claims against Defendant Giffen upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of after-acquired evidence, unclean hands, waiver, estoppel, and laches.

3. Plaintiff's claims are barred, in whole or in part, because Defendant Giffen had lawful, legitimate, non-discriminatory, non-retaliatory reasons for all actions taken with respect to Plaintiff.

4. Plaintiff's claims are barred, in whole or in part, by the Ohio Employment Law Uniformity Act (H.B. 242).

5. Plaintiff's claims for damages are barred because Defendant Giffen's conduct was not the cause in fact or legal cause of the damages, if any, suffered by Plaintiff.

6. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

7. Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitation(s).

8. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies.

9. Defendant Giffen denies all liability to Plaintiff and denies she is entitled to any damages; but in the alternative, any damages recovered by Plaintiff must be offset by any compensation or remuneration she has received or could have received with reasonable diligence during the period for which she is seeking damages.

10. Defendant Giffen denies that Plaintiff was subjected to any discrimination or retaliation, but the same employment decision(s) regarding Plaintiff would have been made even if there had been a discriminatory or retaliatory motive, which there was not.

11. Defendant Giffen reserves the right to file such amended answers and defenses as may be appropriate based on information gathered during discovery.

Respectfully submitted,

*/s/ Amanda S. Smith*
Amanda S. Smith (0092276)
asmith@kwwlaborlaw.com
Michael P. Karst (0091020)
mkarst@kwwlaborlaw.com
KASTNER WESTMAN & WILKINS, LLC
3550 West Market Street, Suite 100
Akron, OH  44333
330.867.9998 (t)
330.867.3786 (f)

*Attorneys for Defendant Michael Giffen*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served via the Court's ECF filing system to the following on this 3rd day of January, 2023:

Trisha Breedlove
Paul Filippelli
SPITZ, THE EMPLOYEE'S LAW FIRM
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Trisha.breedlove@sptizlawfirm.com
Paul.filippelli@spitzlawfirm.com

/s/*Amanda S. Smith*
Amanda S. Smith (0092276)
*Attorney for Defendant Michael Giffen*